UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA MAJEWSKI, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-6906 |
| | ) |
| v. | ) Hon. Steven C. Seeger |
| | ) |
| DICK'S SPORTING GOODS, INC., and | ) |
| MICHELLE JURCZAK, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Laura Majewski filed this slip-and-fall case in state court, and Defendant Dick's Sporting Goods, Inc. removed it to federal court. Plaintiff responded by filing a motion to remand, arguing that this Court lacks subject matter jurisdiction because there is no diversity of citizenship. The motion to remand is granted.

The case is about an injury suffered on a wintery day at a local Dick's Sporting Goods. Plaintiff alleges that she slipped and fell on a patch of ice outside a store in the Chicagoland suburbs last winter. *See* Cplt. (Dckt. No. 1-1, at 2 of 7). According to the complaint, "ice formed due to snow that melted and refroze from a pile of snow out side [sic] Dick's Sporting Good's [sic] store, causing Ms. Majewski to slip and fall while leaving the store." *Id.* at ¶ 5.

Plaintiff advances two claims against Dick's Sporting Goods, including claims for negligence and premises liability. But she didn't simply sue the company. She also brings a negligence claim against Defendant Michelle Jurczak, the store manager. *Id.* at ¶¶ 21–25.

The gist of the claim is that Defendant Jurczak was negligent because she failed to maintain a safe store. Plaintiff claims that Jurczak "had a duty to operate, maintain and control

said property in a reasonably safe manner." *Id.* at ¶ 23. According to Plaintiff, Jurczak breached that duty and acted negligently by (1) failing to inspect the property for hazards; (2) allowing ice to form at the entrance/exit of the store; and (3) failing to warn that the slippery ice posed a danger. *Id.* at ¶ 24.

The complaint isn't very specific about the nature and extent of her injuries, or about the amount of damages that she seeks. Plaintiff alleges that she suffered unspecified "severe and permanent injuries," and that she incurred "medical expenses, pain and suffering, wage loss, scarring and disfigurement and loss of normal life." *Id.* at ¶ 8. She demands more than $50,000 in damages, but beyond that, there is no other estimate. *Id.* The Court will assume without deciding that the claims satisfy the amount-in-controversy requirement.

Defendant Dick's Sporting Goods promptly removed the case to federal court, invoking this Court's diversity jurisdiction. *See* Notice of Removal (Dckt. No. 1). The notice of removal asserts that Plaintiff is a citizen of Illinois, and that Dick's Sporting Goods is a Delaware corporation with a principal place of business in Pennsylvania. *Id.* at ¶¶ 5, 6.

But Defendant Jurczak – like Plaintiff Majewski – is a citizen of Illinois. *Id.* at ¶ 7. That fact poses a potential problem of jurisdictional proportions, because federal courts have diversity jurisdiction only if there is complete diversity. *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."). Also, Defendant Jurczak is a citizen of the forum state, which poses a problem even if there were complete diversity. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction

2

under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Morris v. Nuzzo*, 718 F.3d 660, 664–65 (7th Cir. 2013) (discussing the "forum defendant rule").

Defendant Jurczak apparently did not consent to removal in a timely manner, either. The removal statute provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489 (7th Cir.1997) ("A petition for removal is deficient if not all defendants join in it. To 'join' a motion is to support it in writing.") (cleaned up). Jurczak was served with process on October 13, 2020 (Dckt. No. 6-3), meaning 38 days before the filing of the notice of removal on November 20, 2020 (Dckt. No. 1). So Jurczak needed to join in or consent to removal (if she was "properly joined" as a party, that is).

But only Dick's Sporting Goods filed the notice of removal. The first paragraph states that "Defendant, DICK'S SPORTING GOODS, INC. . . . submits this Notice of Removal." *See* Notice of Removal, at 1 (Dckt. No. 1); *see also id.* ("In support of this petition and grounds for removal, Dick's Sporting Goods states as follows: . . . ."). The last paragraph and the signature block confirm the same point – only Dick's Sporting Goods filed the notice of removal. *Id.* at 4.

The notice of removal did not include a consent form by Defendant Jurczak, either. Weeks later, on December 18, 2020, Dick's Sporting Goods filed a consent form signed by Defendant Jurczak in its response to the motion to remand (Dckt. Nos. 9, 10-1). But the consent form is undated. There is no indication that Defendant Jurczak consented on the day of removal. The statute requires consent by all defendants who were served and properly joined, but does not

specify *when* a defendant must consent.[1]  *See* 28 U.S.C. § 1446(b)(2).  Suffice it to say that the case arrived in the federal courthouse without any indication that Defendant Jurczak was on board.

---

[1] The Court assumes without deciding that a party can cure a deficient notice of removal that lacks a consent form signed by a defendant.  Consent of all defendants is a procedural requirement, not a jurisdictional requirement.  Even if a party can cure an incomplete notice of removal, there is an issue about *when* the consent must take place.  The statutory text sets a fixed deadline for the *filing* of a notice of removal (*i.e.*, 30 days after service of process).  *See* 28 U.S.C. § 1446(b)(2)(B).  The statute provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  *See* 28 U.S.C. § 1446(b)(2)(B).  And the statute allows an earlier-served defendant to "consent to the removal" by a later-served defendant, even if the earlier-served defendant did not previously consent to removal.  *See* 28 U.S.C. § 1446(b)(2)(C).  But the statute does not set a fixed deadline for when, exactly, an earlier-served defendant must consent to removal by a later-served defendant.  The text arguably suggests that all defendants must consent at the time of removal, if they were properly joined and served at that time.  "*When* a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served *must* join in or consent to the removal of the action."  *See* 28 U.S.C. § 1446(b)(2)(A) (emphasis added); *see also Alston v. Wells Fargo Bank, N.A.*, 2017 WL 2839629, at *2 (D. Md. 2017) ("This temporal language suggests that all defendants must consent to removal, if not within their own 30-day window under § 1446(b)(2)(B), then *when* the case is actually removed, not at some undetermined point afterwards.") (emphasis in original).  Some courts have held that the period for consent extends *after* the filing of the notice of removal if an earlier-served defendant removes the case and a later-served defendant is served less than 30 days before the filing of the notice of removal.  (Imagine if Defendant A was served on September 1, and removed the case on September 30, but Defendant B was served on September 29.)  *See Alston*, 2017 WL 2839629, at *2 (holding that a "removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal, or within 30 days of when the consenting defendant was first served, whichever is later").  Courts in this District have addressed whether the filing of a consent form after removal must occur within the 30-day period for removal.  *See, e.g.*, *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, 2017 WL 4423409, at *4 (N.D. Ill. 2017) (holding that an untimely filing of a co-defendant's consent did not cure its failure to "actually consent[] to removal within the thirty-day period for removal"); *Denton v. Universal Am-Can, Ltd.*, 2012 WL 3779315, at *3 (N.D. Ill. 2012) ("Courts in this circuit have held that the failure to include a written consent in a removal petition may only be cured by filing the written consent *within* the 30–day time period.") (emphasis in original); *Detrick v. Home Depot, U.S.A., Inc.*, 2013 WL 3836257, at *2 (N.D. Ill. 2013) (holding that when a defendant orally consented to removal within the 30-day period, but filed an untimely written consent form after the 30-day period, the untimely consent was sufficient to cure the defect); *see also Couzens v. Donohue*, 854 F.3d 508, 513–15 (8th Cir. 2017) (discussing the timeliness of consent); *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012); *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at *3–6 (D. Hawai'i 2017) (same).  Here, Dick's Sporting Goods filed Jurczak's consent on December 18, 2020, which is 28 days after the filing of the notice of removal on November 20, 2020, and 53 days after Dick's Sporting Goods (the last-served defendant) was served with process on October 26, 2020.  *See* Dckt. No. 6-2.  The Court does not need to resolve whether the belated consent cured the defect because there is no jurisdiction even if Defendant Jurczak consented to removal.

Dick's Sporting Goods contends that it can get around all of those problems because the complaint suffers from fraudulent joinder. "Fraudulent joinder occurs when a nondiverse party is added solely to deprive the federal courts of diversity jurisdiction. The citizenship of fraudulently joined, nondiverse parties is disregarded for the purpose of determining diversity." *See* 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.52[4][a] (3d ed. 2020). "Fraudulent-joinder doctrine tries to strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect defendants' statutory right to remove." *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (4th ed. 2020).

The fraudulent joinder doctrine provides that an "out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success." *See Morris*, 718 F.3d at 666 (cleaned up). The doctrine "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (citation omitted). The idea is that defendants who didn't belong here in the first place don't count.

Fraudulent, in this context, is a term of art. It is a bit of a misnomer. It does not suggest malfeasance or call into question the subjective intent of the plaintiff. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (citing 14A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3723 (2d ed. 1985)); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (4th ed. 2020) ("Thus, the plaintiff's intention that the

5

joinder of a particular party or a claim assignment should defeat federal subject-matter jurisdiction is immaterial to the propriety of the removal, as long as the use of one of those devices is not merely colorable or made in bad faith."); 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.52[4][a] (3d ed. 2020) ("The term 'fraudulent joinder' is a bit misleading because the doctrine requires neither a showing of fraud nor joinder."). "[I]n most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos*, 959 F.2d at 73.

Dick's Sporting Goods seeks to litigate in federal court, so it has the burden to show that jurisdiction exists and that joinder was fraudulent. *Id.* "[A] plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. by and through Cheatham v. Abbott Laboratories Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018); *see also Schur*, 577 F.3d at 758. If in doubt, the case will go back to state court.

The climb is steep, and the burden is heavy. The standard is even more plaintiff-friendly than the standard for a motion to dismiss under Rule 12(b)(6). *See Creation Supply, Inc. v. Hahn*, 2020 WL 4815905, at *7 (N.D. Ill. 2020). "An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73 (emphasis in original).

At the end of the day, a district court must "engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?" *Id.* (citation omitted).

6

Dick's Sporting Goods argues that there was no legitimate basis to rope Defendant Jurczak (again, the store manager) into the lawsuit in the first place. In its view, Plaintiff sued Jurczak solely to defeat diversity jurisdiction, and not because Plaintiff has a plausible claim against her. So the store manager's citizenship doesn't count. *See* 28 U.S.C. § 1441(b)(2) (referring to defendants from the forum state who were "properly joined"); 28 U.S.C. § 1446(b)(2)(A) (requiring consent from "all defendants who have been properly joined").

Dick's Sporting Goods has not carried its burden to show that Plaintiff's claim against the store manager has no reasonable chance of success. Plaintiff has an arguable claim against the store manager, so the store manager's citizenship counts.

Dick's Sporting Goods does not argue that a store manager cannot be liable for injuries to customers in stores. That quiet concession was unavoidable. The fact that a person was working may give rise to vicarious liability of the employer. But it does not immunize the employee from personal liability. "A person is not absolved of personal liability to a third person on account of his or her negligence or other wrongful act merely because at the time such person was acting as an employee within the scope of the employment." *Schur*, 577 F.3d at 765 (quoting Romualdo P. Eclaea, Christine M. Gimeo & Thomas Muskus, *Employment § 202*, *in* 17 *Illinois Law and Practice* (2008)). Being on the clock does not mean that an employee is off the hook.

That is, "[w]hether the employer is held vicariously liable for the agent's conduct . . . does not affect the agent's independent tort liability. . . . Thus, an agent can be individually liable even where his employer is *also* vicariously liable." *Schur*, 577 F.3d at 765 (emphasis in original); *see also* Restatement (Third) of Agency § 7.01 (2006) ("An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an

7

employee, with actual or apparent authority, or within the scope of employment."). Defendant Jurczak cannot be liable simply for being the store manager – her managerial status does not give rise to strict liability. But she can be held liable if she breached an independent duty running to Plaintiff. *See Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 408, 137 Ill. Dec. 806, 546 N.E.2d 751 (1989) ("[A]n agent's liability is based on the duty which he himself owes to the third person.") (internal quotation marks omitted).

A number of cases have recognized the potential liability of managers and employees, and thus granted motions to remand. *See, e.g.*, *Brady v. Menard, Inc.*, 2017 WL 201375, at *2 (N.D. Ill. 2017) (concluding that the store manager was not fraudulently joined, and granting a motion to remand); *Imber v. Home Depot USA, Inc.*, 2018 WL 5977923, at *2–3 (N.D. Ill. 2018) (finding that an employee was not fraudulently joined, and granting a motion to remand); *Lakin v. Casey's Retail*, 2015 WL 5182751, at *2–3 (S.D. Ill. 2015) (concluding that the store manager was not fraudulently joined, and granting a motion to remand); *Knebel v. Wal-Mart Stores, Inc.*, 2009 WL 3124769, at *2–3 (S.D. Ill. 2009) (concluding that the store manager was not fraudulently joined, and granting a motion to remand).

Instead, Dick's Sporting Goods tries a different route. The company argues that Plaintiff has no claim because Defendants weren't responsible for the ice and snow. The argument comes in three varieties.

First, Dick's Sporting Goods argues that the injury did not take place on store property. *See* Mem. at 4 (Dckt. No. 10) ("The Complaint alleges that Plaintiff slipped and fell on an icy sidewalk outside the leased premises."). That is, the company argues that Defendants cannot be liable for a fall on property that they didn't control.

The precise location of the accident is not clear in the complaint. But the allegations suggest that Plaintiff fell in an area controlled by Dick's Sporting Goods. Specifically, Plaintiff alleges that she was "lawfully upon defendant's property Dick's Sporting Good's [sic] store." *See* Cplt., at ¶ 4 (Dckt. No. 1-1); *id.* at ¶ 15 (alleging that she was "lawfully upon defendant's premises"). Ice formed "out side [sic] Dick's Sporting Good's [sic] store," causing Plaintiff to fall "while leaving the store." *Id.* at ¶ 5. The injury happened at the "store entrance/exit." *Id.* at ¶ 7(a); *see also id.* at ¶ 7(d) (alleging that the injury took place "in an area where patrons are known to walk"). In sum, she fell "on defendant's property." *Id.* at ¶ 17.

Viewed as a whole, those allegations are more than enough to raise the possibility that Plaintiff suffered an injury while on the property leased by Dick's Sporting Goods. Maybe discovery someday will show otherwise. But that's a merits question for a later day, for another court.

Second, Dick's Sporting Goods contends that snow removal was the responsibility of the property manager, not Dick's Sporting Goods. The company points to a provision in its lease requiring the property manager to "keep such Common Areas within Landlord's Portion of the Shopping Center reasonably . . . free of snow and ice." *See* Lease, at ¶ 14.2(d) (Dckt. No. 10-5). But as discussed above, Plaintiff has alleged that she slipped in an area controlled by Dick's Sporting Goods, not a common area controlled by the property manager. Dick's Sporting Goods has not demonstrated that Plaintiff fell on property that Dick's Sporting Goods didn't control.

Maybe the property manager had a contractual duty to shovel all of the snow on the leased property, including the walkways outside Dick's Sporting Goods. But if so, it would not prevent a claim by an injured customer. Plaintiff was not a party to that contract, so the contractual allocation of responsibility between the lessor and the lessee does not impair the tort

9

rights of the customer. A contract between X and Y does not prevent a tort claim by Z against X. A contract might give Dick's Sporting Goods the right to seek indemnification from the property manager, but it does not take away the right of a shopper to recover for her injuries.

Third, Dick's Sporting Goods contends that there is no duty to remove snow or ice due to a natural accumulation. *See* Mem. at 5 (Dckt. No. 10). But the complaint does not allege that there was only a natural accumulation. In fact, it says the opposite. The complaint alleges that Dick's Sporting Goods "carelessly and negligently plowed snow in such a way that an unnatural accumulation of ice was allowed to form." *See* Cplt., at ¶ 7(d) (Dckt. No. 1-1); *see also id.* at ¶ 8 (alleging an "unnatural accumulation of ice"); *id.* at ¶ 16(a) (same); *id.* at ¶ 16(b) (same); *id.* at ¶ 17 (same). The complaint also alleges that there was a "pile" of snow. *Id.* at ¶ 5. Maybe someone piled the snow with a shovel.

Dick's Sporting Goods also makes the related argument that the store manager is a nominal party. *See Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties, however, are disregarded for removal purposes and need not join in the petition."); *see also Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1336 (N.D. Ill. 1994) ("If a party to a suit is merely a nominal party, its presence in the suit will not defeat removal. A nominal party need not join in the removal petition."); 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.42[3][a] (3d ed. 2020) ("Although generally all defendants must join in the notice of removal . . . nominal or formal parties are excepted from this rule. This nominal-party exception ensures that only parties with a palpable interest in the outcome determine whether the case will be heard in federal court.").

"A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). A defendant also is a nominal party if the plaintiff seeks no real relief against that party, or if the defendant is merely a depository or stakeholder (say, a person who did not commit securities fraud, but yet is holding the proceeds of a fraud, in an SEC case). *See Legal Helpers Debt Resolution, LLC v. Global Client Solutions*, 2012 WL 3017886, at *2 (N.D. Ill. 2012) ("A nominal party is a party without a real interest in the subject matter being litigated and can be joined merely as a means of facilitating collection of the disputed subject matter."); 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.42[3][a] (3d ed. 2020) ("Those against whom no real relief is sought have also been considered nominal. A party who serves only as a depository or stakeholder may also be considered nominal.").

Dick's Sporting Goods contends Defendant Jurczak is a nominal party because an agent's breach of duty to the principal cannot give rise to a claim by a third party. *See* Mem. at 3 (Dckt. No. 10). But Plaintiff isn't arguing that the store manager breached a duty to Dick's Sporting Goods. Instead, Plaintiff squarely alleges that the store manager breached a duty to her personally. *See Schur*, 577 F.3d at 766 ("An agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes *to the third party*.") (emphasis added). She alleges that the store manager breached a duty to her as a customer – that is, a duty to inspect the store, prevent hazards, and warn of dangers. That claim may or may not pan out, but it is a bridge too far to argue that Plaintiff has no reasonable chance of success.

In sum, Dick's Sporting Goods has failed to carry its heavy burden that Plaintiff fraudulently joined the store manager as a party. The company hasn't shown that the store manager is a nominal party, either. Defendant Jurczak's citizenship counts, which means that

there is no complete diversity of citizenship. This Court therefore lacks subject matter jurisdiction. The motion to remand is granted.

Date: January 8, 2021

Steven C. Seeger
United States District Judge